UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-11161-MWC-MBK | Date | December 12, 2025 |
|---|---|---|---|
| Title | Nelson v. Sixt | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|
| James Muñoz | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** ORDER VACATING CASE SCHEDULING DATES AND FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED

Plaintiff Christopher Andrew Nelson is a *pro se* litigant in this civil rights action. The Court previously issued an order to show cause when Plaintiff failed to update his address after being transferred facilities to CCI in Tehachapi. Dkt. 11. Plaintiff subsequently updated his address with the Court and filed a First Amended Complaint ("FAC"), which was served *via* the Central District's E-Service Pilot Program. Dkt. 14, 21, 26. Defendant timely answered the FAC, and the Court issued a scheduling order. Dkt. 31, 33.

On December 11, 2025, Defendant filed an *ex parte* Motion to Vacate Dates and Stay Action. Dkt. 35. Defendant states that "two days before Plaintiff's noticed deposition, Defendant's counsel learned from staff at California State Prison, Sacramento, that Plaintiff is no longer housed within the California Department of Corrections and Rehabilitation (CDCR) and is now on probation." *Id.* at 1. Defendant further claims that "despite attempting to search for Plaintiff's current contact information, Defendant's counsel's office could not find a current address or phone number to contact Plaintiff." *Id.* at 3.

The Court finds that Defendant's diligence in trying to engage in discovery and ascertain Plaintiff's contact information constitutes good cause to vacate upcoming dates in the Court's scheduling order (Dkt. 33) and that any prejudice to Plaintiff is minimal. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("good cause" analysis under Rule 16(b) "primarily considers the diligence of the party seeking the amendment").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-11161-MWC-MBK | Date | December 12, 2025 |
|---|---|---|---|
| Title | Nelson v. Sixt | | |

      The Court previously informed Plaintiff that he has the responsibility to notify the Court of any change of address and the effective date of the change, and that a case can be dismissed under Local Rule 41-6 for failure to do so. Dkt. 3, 11. Based on Defendant's motion and the Court's own search of the California Incarcerated Records and Information Search, which no longer shows information regarding Plaintiff's location within the CDCR, the Court has reason to believe that Plaintiff failed to properly update his address. Therefore, by **January 12, 2026**, Plaintiff is **ordered to show cause** (that is, explain in writing) why this case should not be dismissed for failure to follow court orders. Alternatively, by the same date, Plaintiff may file a sworn notice with the Court indicating his current, accurate mailing address. Failure to either respond to the order to show cause or update his address will lead the Court to conclude that Plaintiff has no interest in prosecuting this action further or is unwilling to abide by court orders, and that the case should be dismissed pursuant to Federal Rule of Civil Procedure 41.

      Additionally, the Court **VACATES** the dates contained in its scheduling order at Dkt. 33. Should Plaintiff satisfactorily address the Court's order to show cause, the Court will set new case schedule deadlines.

      **IT IS SO ORDERED.**